NOT FOR PUBLICATION IN WEST'S HAWAI'I REPORTS AND PACIFIC REPORTER

**Electronically Filed**
**Intermediate Court of Appeals**
**CAAP-13-0002349**
**18-DEC-2014**
**08:38 AM**

NO. CAAP-13-0002349

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


STATE OF HAWAI'I, Plaintiff-Appellee, v.
DANIEL DOLAN, Defendant-Appellant


APPEAL FROM THE DISTRICT COURT OF THE FIRST CIRCUIT
(HONOLULU DIVISION)
(CASE NO. 1DTA-12-07191)


MEMORANDUM OPINION
(By:  Foley, Presiding J., Fujise and Leonard, JJ.)

This instant appeal arises from the arrest and subsequent conviction of Defendant-Appellant Daniel Dolan (**Dolan**) for the offense of operating a vehicle under the influence of an intoxicant (**OVUII**)[1] in violation of Hawaii Revised Statutes (**HRS**) § 291E-61(a)(1) and/or (a)(3), and (b)(1) (Supp. 2013).[2]  Dolan

_____

[1]   Dolan was also arrested for the offense of driving without no-fault insurance in violation of HRS §§ 431:10C-104(a) (2005 Repl.) and 431:10C-117(a) (2005 Repl. and Supp. 2013), but that charge was dismissed with prejudice on June 20, 2013.

[2]   HRS § 291E-61 provides in pertinent part:

§291E-61 **Operating a vehicle under the influence of an intoxicant.**  (a) A person commits the offense of operating a vehicle under the influence of an intoxicant if the person operates or assumes actual physical control of a vehicle:

(1)   While under the influence of alcohol in an amount sufficient to impair the person's normal mental faculties or ability to care for the person and guard against casualty;

. . . .

(3)   With .08 or more grams of alcohol per two hundred ten
(continued...)

appeals from the District Court of the First Circuit[3], Honolulu Division's (**district court**) "Notice of Entry of Judgment and/or Order and Plea/Judgment" (**Order Denying Dolan's Motion to Suppress**) filed June 20, 2013 and "Notice of Entry of Judgment and/or Order and Plea/Judgment" (**Judgment of Conviction and Sentence**) filed July 9, 2013.

On appeal, Dolan asserts that the district court erred by denying his "motion to suppress all evidence obtained by police" (**Motion to Suppress**) because the police did not have a sufficient basis to order Dolan out of his vehicle to conduct a OVUII investigation.

---

[2](...continued)
liters of breath; or

. . . .

    (b)    A person committing the offense of operating a vehicle under the influence of an intoxicant shall be sentenced without possibility of probation or suspension of sentence as follows:

        (1)    For the first offense, or any offense not preceded within a five-year period by a conviction for an offense under this section or section 291E-4(a):

            (A)    A fourteen-hour minimum substance abuse rehabilitation program[;]

            (B)    One-year revocation of license and privilege to operate a vehicle during the revocation period and installation during the revocation period of an ignition interlock device on any vehicle operated by the person;

            (C)    Any one or more of the following:
                (i)    Seventy-two hours of community service work;

                (ii)    Not less than forty-eight hours and not more than five days of imprisonment; or

                (iii)    A fine of not less than $150 but not more than $1,000;

            (D)    A surcharge of $25 to be deposited into the neurotrauma special fund; and

            (E)    A surcharge, if the court so orders, of up to $25 to be deposited into the trauma system special fund[.]

[3]    The Honorable David Lo presided.

## I. BACKGROUND

On December 4, 2012, Dolan was charged in the district court with one count of OVUII for an incident that occurred on November 18, 2012. Dolan pled not guilty on December 19, 2012. Dolan filed a Motion to Suppress on April 30, 2013, arguing that Honolulu Police Department (**HPD**) officer Alan Ahn (**Officer Ahn**) illegally ordered Dolan out of his vehicle. Plaintiff-Appellee State of Hawai'i (**State**) did not file a memorandum in opposition to Dolan's Motion to Suppress, but opposed the motion at a hearing on June 20, 2013.

At the June 20, 2013 hearing, Officer Ahn testified that upon arrival at the scene of the November 18, 2012 incident, and before approaching Dolan, he spoke with HPD officer Christopher Chung (**Officer Chung**), who was already at the scene. Officer Ahn testified that Officer Chung instructed him to conduct a Standardized Field Sobriety Test (**SFST**) on Dolan after explaining that he had observed Dolan "jump the curb and drive his car on the sidewalk" and perceived "signs of alcohol consumption indicia, odor of alcohol, slurred speech, [and a] red, flush face." Dolan's counsel objected on the basis of hearsay, and the district court overruled the objection under the "state of mind" exception. Officer Ahn further testified that it was a bright and sunny afternoon, and that prior to instructing Dolan to exit his vehicle for a SFST, he observed Dolan with a red and flushed face and sitting in the driver's seat of a car that was parked "a little askew" and probably with one wheel "up on the curb."

The State argued that the Motion to Suppress should be denied because

> [f]or probable cause purposes, the knowledge of one officer is the knowledge of all officers when the officers are working together. . . . Officer Chung informed Officer Ahn of the reason for the stop and also the indicia of alcohol, specifically the odor of alcohol and the slurred speech. And so . . . there is reasonable suspicion for the stop. And there's also . . . enough evidence from that to order [Dolan] out of the vehicle to perform the . . . [SFST]. So based on the testimony of Officer Ahn, he's working together with Officer Chung; he received information from Officer Chung; that was the basis for ordering the [Dolan] out of the car.

In denying Dolan's Motion to Suppress, the district court stated:

> even considering [Dolan's] argument that Officer Ahn cannot rely on what Officer Chung told him, I think what the Court thinks -- or finds, that what is significant, that upon Officer Ahn's arrival at the scene of Bishop and Queen that he noticed red and flush -- red and flushed face of [Dolan], albeit on a bright, sunny afternoon or day. But most significantly, even without talking to Officer Chung, Officer Ahn testified that he did see [Dolan's] car on the -- one wheel on the curb. Taking both of those facts together, Court finds significant basis for Officer Ahn to proceed further with the investigation. And as such, the Motion to Suppress is denied.

## II. DISCUSSION

Dolan argues that the district court erred in denying the Motion to Suppress because Officer Ahn's observations did not constitute "a reasonable basis of specific articulable facts to believe the crime of [OVUII] ha[d] been committed."

The State argues that the district court correctly denied the Motion to Suppress because Officer Ahn's observations, in combination with Officer Chung's observations, constituted "sufficient evidence . . . to find reasonable suspicion to stop and reasonable grounds to order [Dolan] out of his vehicle."

"[W]hen a police officer stops an automobile and detains its occupants, a 'seizure' occurs so as to implicate the fourth and fourteenth amendments to the United States Constitution" and thus a warrant is required. State v. Prendergast, 103 Hawai'i 451, 453-54, 83 P.3d 714, 716-17 (2004) (citing Delaware v. Prouse, 440 U.S. 648, 653 (1979) and State v. Bolosan, 78 Hawai'i 86, 92, 890 P.2d 673, 679 (1995)). Under an exception to the warrant requirement, "a police officer may stop an automobile and detain its occupants if that officer has a 'reasonable suspicion' that the person stopped was engaged in criminal conduct." Prendergast, 103 Hawai'i at 454, 83 P.3d at 717 (citing Bolosan, 78 Hawai'i at 94, 890 P.2d at 681). "Reasonable suspicion" exists when the police officer can point to "specific and articulable facts which, taken together with rational inferences from those facts, reasonably warrant" the investigative stop. Prendergast, 103 Hawai'i at 454, 83 P.3d at 717 (citing State v. Barnes, 58 Haw. 333, 338, 568 P.2d 1207, 1211 (1977)). When determining whether reasonable suspicion

4

exists, a court should consider "the totality of the circumstances measured by an objective standard." Prendergast, 103 Hawai'i at 454, 83 P.3d at 717 (citing United States v. Arvizu, 534 U.S. 266, 273 (2002)).

The district court did not err in denying Dolan's Motion to Suppress because under the totality of the circumstances, Officer Ahn was justified in asking Dolan to exit his vehicle and submit to a SFST. Officer Ahn observed Dolan sitting in the driver's seat of a parked vehicle that had one wheel on the curb and that Dolan's face was red and flushed. The district court did not err in finding that, even without the information relayed to Officer Ahn by Officer Chung, Officer Ahn's ordering of Dolan out of his car was justified.

### III. CONCLUSION

The District Court of the First Circuit, Honolulu Division's "Notice of Entry of Judgment and/or Order and Plea/Judgment" filed June 20, 2013 and "Notice of Entry of Judgment and/or Order and Plea/Judgment" filed July 9, 2013 are affirmed.

DATED: Honolulu, Hawai'i, December 18, 2014.

On the briefs:

Marcus B. Sierra
(Law Offices of Paul J. Cunney)
for Defendant-Appellant.

Loren J. Thomas
Deputy Prosecuting Attorney
City and County of Honolulu
for Plaintiff-Appellee.

Presiding Judge

Associate Judge

Associate Judge

5